Mary V. Trigg v. Commissioner.
Trigg v. Commissioner
Docket No. 20278.
United States Tax Court
1949 Tax Ct. Memo LEXIS 97; 8 T.C.M. (CCH) 716; T.C.M. (RIA) 49200; August 25, 1949
Mary V. Trigg, pro se. W. E. Koken, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $190 in petitioner's income tax for 1946. The entire amount of the deficiency results from the disallowance of credits claimed for dependents. Findings of Fact The petitioner is a resident of Seattle, Washington. She filed her income tax return for 1946 with the collector for the district of Washington. Petitioner is regularly employed at the Seattle Tennis Club at a salary of $120 a month. She received a salary of $150 a month from the club in 1946. During all of the taxable year 1946 the petitioner each month sent to her mother and brother, who lived at Columbia, Missouri, $15 each. The mother and brother lived together in a rented house *98 for which they paid a rent of $2 per week. The mother is a colored woman between 60 and 65 years of age. She works a little, taking in washing and ironing, and does odd jobs for her landlady. She has a small garden and a few chickens but realizes no income from them. Her total income from all sources other than petitioner was less than $15 per month. The brother is 34 years of age and is an invalid. He has been partially paralyzed all of his life. He has no appreciable earnings and does not receive compensation of any kind because of his disability. His total income from all sources other than the petitioner was less than $10 per month. The $30 per month which petitioner sent to her mother and brother was more than one-half of their gross income. Opinion LEMIRE, Judge: Section 25 of the Internal Revenue Code allows as a credit against net income an exemption of $500 for each dependent, other than a spouse making a joint return with the taxpayer, whose gross income for the year is less than $500. It defines a dependent as anyone of certain designated classes of relatives over half of whose support during the taxable year was received from the taxpayer. *99 The petitioner's mother and brother were among the classes recognized as dependents, so that our only question is whether the petitioner furnished more than half of their support in 1946. The evidence before us consists entirely of the statement of petitioner, who appeared at the trial without benefit of counsel. Owing to her unfamiliarity with trial procedure and the requirements for proof, the evidence is not as complete as might be desired. The petitioner testified that she did not know exactly how much her mother and brother earned but that it might be as much as $20 a month in good weather but less in bad weather, and during the winter. We are convinced from her statement that the mother's total income from sources other than petitioner was less than $15 per month and the brother's less than $10 per month, and that the $30 a month which petitioner sent to her mother and brother was more than one-half of their gross income. We therefore conclude that the respondent erred in disallowing the credits which petitioner claimed for dependents. Decision will be entered for the petitioner.